UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

MORNINGSTAR

v.

LAUREN MEEHAN

Case No. 3:17-cv-00063-AVC

MOTION TO DISMISS
MEMORANDUM OF LAW

## MEMORANDUM OF LAW

This court lacks subject matter jurisdiction over the Plaintiff's purported allegations. Jurisdiction over this matter is lacking because there is no diversity of the parties. Diversity jurisdiction is defined in 28 U.S.C §1332(a) and only allows actions to be brought if all relevant parties are in complete diversity of citizenship. In this matter the Plaintiff is a Connecticut resident, currently, an inmate residing at Corrigan-Radgowski Correctional Center, 986 Norwich-New London Turnpike, Uncasville, CT 06382. The Defendant is also a Connecticut resident residing at 110 Kent Road, Kent, Connecticut 06757.

The plaintiff cites Connecticut General Statute section 51-345 (a) (3) as the basis for jurisdiction. This citation is irrelevant and non-applicable.

Federal rule 12 (b)(1) allows a party to move to dismiss an action for lack of complete diversity the court does not have subject matter jurisdiction. Subject matter jurisdiction exists only if there is complete diversity, <u>Glancy v. Taubman</u>, Inc. 3 73 F 3 4 656. 664 (6th cer. 2004) Plaintiff bears the burden of proving the propriety of jurisdiction. <u>Moir v. Cleveland</u> Regional Treatment 895 F2d 266, 269 (1990)

The Plaintiff's complaint sets forth the applicable domicile of both.

Wherefore the Defendant moves this court for a judgment dismissing the subject action.

THE DEFENDANT

By: <u>E/ Joseph J. Romanello, Jr.</u>
Joseph J. Romanello, Jr. Esq.
57 North Street Suite 304
Danbury, CT 06810
203-205-0891
Fed #28732